

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*      *(503) 727-1000*
*Portland, OR  97204-2902*            *Fax: (503) 727-1117*

September 12, 2012

Amy Baggio
Assistant Federal Public Defender
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

   Re: *United States v. Latanisha "Tay" Booker,* 12-cr-107-02-BR
     Plea Agreement

Ms. Baggio:

  Please review this offer with your client as soon as possible.

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts 2 (Mann Act, 18 U.S.C. § 2421) and 3 (Witness Tampering, 18 U.S.C. § 1512(a)(2)) of the Superseding Information. In return, the government will move to dismiss the remaining counts against this defendant at sentencing.

3. **Penalties**: The maximum sentence for Title 18, United States Code, Section 2421 is ten years' imprisonment, a fine of $250,000, a supervised release term of up to three years, and a $100 fee assessment. The maximum sentence for Title 18, United States Code, Section 1512(a)(2) is thirty years' imprisonment, a fine of $250,000, a supervised release term of up to five years, and a $100 fee assessment. Defendant agrees to pay the fee assessments at the time of guilty plea or explain to the court why it cannot be done.

4. **Dismissal**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Revised 7-21-08

Amy Baggio
Re: Booker - Plea Agreement
Page 2

5.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.      **Advisory Guideline Calculation**: The parties stipulate and agree to the following U.S.S.G. provisions:

        (1) U.S.S.G. § JJ1.2, 2X3.1,
              reference to  2G1.3(a)(3)
              [Sex Trafficking of a Child]      - Base offense level          30
        (2) U.S.S.G. § 2G1.3(b)(2)              - Undue Influence             +2
        (3) U.S.S.G. § 2G1.3(b)(4)              - Commission of a sex act     +2
        (4) U.S.S.G. § 2X3.1                    - Accessory                   - 6
                                                                         Level 28

The parties believe defendant falls within Criminal History Category I. The parties anticipate defendant's resulting guideline range is 78-97 months imprisonment.

8.      **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant is free to request a departure, adjustment, and or variance from the Court's determination of the applicable advisory guideline range.

9.      **Restitution**: Defendant agrees that the victims described in the indictment are entitled to restitution for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offense. Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution. Included within the restitution order is any agency who is paying or previously paid for the cost of the treatment to the victims. The amount is immediately payable in full and due in an amount to be described by the government at sentencing.

Amy Baggio
Re: Booker - Plea Agreement
Page 3

      If defendant cannot pay the entire remaining balance at the time of sentencing, she agrees to minimum monthly payments to be determined by the court.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

//

//

//

Revised 7-21-08

Amy Baggio
Re: Booker - Plea Agreement
Page 4

15. **Deadline**: This plea offer expires if not accepted by **September 26, 2012, at 5 p.m.**

                                              Sincerely,

                                              S. AMANDA MARSHALL
                                              United States Attorney

                                              LEAH K. BOLSTAD
                                              Assistant United States Attorney

        I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/21/12 ad 9/27/12                                               Latanisha Booker
Date                                                            Latanisha Booker, Defendant

        I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/21/12 ad 9/27/12                                               Amy Baggio
Date                                                            Attorney for Defendant